UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Travis Darrell Haynes, | ) | Crim. No.: | 4:11-cr-00079-RBH-4 |
| | ) | Civ. No.: | 4:16-cv-02033-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Travis Darrell Haynes's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 439. The Court denies the motion for the reasons herein.[1]

**Background**

In April 2011, Petitioner pled guilty pursuant to a written plea agreement to two counts of using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a crime of violence—namely, two Hobbs Act robberies—and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). *See* ECF Nos. 2, 89, 94, & 95. In September 2011, the Court sentenced Petitioner to an aggregate term of 384 months' imprisonment followed by five years' supervised release. *See* ECF Nos. 153 & 172. Judgment was entered on October 7, 2011. *See* ECF No. 172. Petitioner filed a direct appeal, and the Fourth Circuit affirmed in an unpublished opinion. *See* ECF Nos. 178 & 318; *see also United States v. Haynes*, 474 F. App'x 337 (4th Cir. 2012). In 2012, the Government filed

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)).

1

a motion pursuant to Fed. R. Crim. P. 35(b), and the Court granted the motion and reduced Petitioner's sentence to an aggregate term of 288 months' imprisonment. *See* ECF Nos. 332, 346, & 351.

On June 20, 2016, Petitioner (represented by the Federal Public Defender) filed the instant § 2255 motion.[2] *See* ECF No. 439. The Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 450 & 451. Petitioner filed a response in opposition to the Government's motion as well as a notice of supplemental authority.[3] *See* ECF Nos. 459, 466, & 470.

## **Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court.

---

2       Petitioner did not file a prior § 2255 motion.

3       In his notice of supplemental authority (ECF Nos. 466 & 470), Petitioner relied on the Second Circuit's initial opinion in *United States v. Jones*, No. 15-1518-cr (2d Cir. July 21, 2016), which was later vacated in light of *Beckles v. United States*, 137 S. Ct. 886 (2017), and decided adversely to Petitioner's position. *See United States v. Jones*, 878 F.3d 10 (2d Cir. 2017) (reissued opinion); *United States v. Jones*, 838 F.3d 296 (2d Cir. 2016) (order vacating initial opinion). Moreover, as indicated below, the Second Circuit—along with other circuits—has since ruled "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018).

*Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

Petitioner challenges his § 924(c) convictions by arguing Hobbs Act robbery is not a predicate "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), as made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016). *See* ECF Nos. 439 & 459. The Government moves for summary judgment by arguing Hobbs Act robbery qualifies as a crime of violence to support a § 924(c) conviction. *See* ECF Nos. 450 & 451.

"Federal law, as codified at 18 U.S.C. § 924(c)(1)(A), provides that a person who uses or carries

3

a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime (here, Hobbs Act [robbery]) and the additional, distinct crime of utilizing a firearm in connection with a "crime of violence," with the latter punishable by at least five consecutive years of imprisonment." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Section 924(c)(3) defines "the term 'crime of violence'" as "an offense that is a felony" and:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)**(A)** is known as the "force clause," and § 924(c)(3)**(B)** is known as the "residual clause." *Simms*, 914 F.3d at 233. For Petitioner's § 924(c) convictions to stand, the offense of Hobbs Act robbery must constitute a "crime of violence" under *either* the force clause *or* the residual clause. *See, e.g.*, *id.*

The Hobbs Act robbery statute—18 U.S.C. § 1951—prohibits the obstruction, delay, or affecting of commerce "by robbery," and it defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(a), (b)(1).

This Court has previously held that Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). *See United States v. Hayes*, No. 4:18-cr-00521-RBH-1, 2018 WL 6267903, at *8 (D.S.C. Nov. 30, 2018); *United States v. Vanderhorst*, No. 4:17-cr-00865-RBH-1, 2018 WL

4

2462873 (D.S.C. May 31, 2018); *United States v. Wheeler*, No. 4:15-cr-00337-RBH-1, at ECF No. 115 (D.S.C. May 16, 2016). Moreover, "[t]he overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A)." *United States v. Williams*, No. 0:99-cr-00659-CMC-7, 2019 WL 1058092, at *2 (D.S.C. Mar. 6, 2019) (collecting cases). The Fourth Circuit has not addressed this issue,[4] but "all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A)." *Id.*; *see United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016); *United States v. House*, 825 F.3d 381 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016).

In sum, Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A), and therefore Petitioner is not entitled to § 2255 relief. The Court will deny his § 2255 motion.

## **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this

---

[4] In *Simms*, *supra*, the en banc Fourth Circuit held that the **residual** clause of § 924(c)(3)**(B)** was unconstitutionally vague based on the Supreme Court's decisions in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). 914 F.3d at 232. As explained above, Hobbs Act robbery satisfies the still-valid **force** clause of § 924(c)(3)**(A)**, and therefore *Simms* does not affect the Court's decision.

standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 451] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 439]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina  s/ R. Bryan Harwell
May 28, 2019  R. Bryan Harwell
 United States District Judge